UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

B.J., a minor, by and through his mother and guardian ad litem, ALONDRA GRIJALVA,

Plaintiff,

v.

EARLIMART SCHOOL DISTRICT and DOES 1-20, inclusive,

Defendant.

Case No. 1:26-CV-05170-FJS

SCHEDULING ORDER

| | |
|---|---|
| Initial Disclosures | December 2, 2026 |
| Joinder of Other Parties and Amend Pleadings | January 22, 2027 |
| Serving Administrative Record (“AR”) | December 16, 2026 |
| Deadline to Object to AR | January 20, 2027 |
| Joint Status Report Regarding AR and Briefing Schedule | February 17, 2027 |
| Lodging AR If Objections Are Resolved | February 17, 2027 |
| Plaintiff’s Expert Disclosure | May 17, 2027 |
| Defendant’s Expert Disclosure | June 18, 2027 |
| Plaintiff’s Rebuttal Expert Disclosure | July 11, 2027 |
| Discovery Cutoff | August 30, 2027 |

| | |
|---|---|
| Pre-Trial Motion Deadline | November 17, 2027 |
| Pre-Trial Conference | March 8, 2028 |
| Jury Trial | April 25, 2028 (5 days) |

---

This court conducted a scheduling conference on November 4, 2026. Counsel Andréa Marcus appeared by teleconference on behalf of Plaintiff B.J. Counsel Amanda Cordova and Anna Wood appeared by teleconference on behalf of Defendant Earlimart School District.

Pursuant to Federal Rule of Civil Procedure 16(b), this court sets this schedule for further proceedings in this lawsuit.

1. Current Status of Consent to the Magistrate Judge Jurisdiction

Pursuant to 28 U.S.C. § 636(c), the parties have consented to conduct all further proceedings in this case, including trial, before the Honorable Frank J. Singer, U.S. Magistrate Judge.

2. Fed. R. Civ. P. 26(a)(1) Initial Disclosures

Initial disclosures shall be filed by December 2, 2026.

3. Joinder and Amendments to Pleadings

All parties shall be joined and any amendments to the pleadings or motions for leave to amend the pleadings shall be filed by January 22, 2027.

4. Administrative Record Deadlines

The parties agree that Plaintiff's Individuals with Disabilities in Education Act claim involves review of an administrative record. Defendant shall serve (but not lodge with the court) the administrative record no later than December 16, 2026. The deadline for Plaintiff to serve objections to the administrative record is January 20, 2027. The parties shall meet and confer in good faith to attempt to resolve objections to the administrative record.

5. Joint Status Report and Lodging the Administrative Record

The court DIRECTS the parties to file a joint status report no later than February 17, 2027. The joint status report shall address the status of this case. The joint status report shall propose deadlines for motion practice on unresolved objections to the administrative record. If there are no unresolved objections to the administrative record, the administrative record shall also be lodged with the court no later than February 17, 2027. In addition, the joint status report shall (1) propose deadlines for briefing the parties' respective motions for summary judgment and (2) a schedule for the adjudication Plaintiff's Individuals with Disabilities in Education Act claim.

6. Discovery Cutoffs and Limits

All discovery, including motions to compel, shall be completed no later than August 30, 2027. Compliance with this discovery cutoff requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

Expert disclosures shall be staggered. Plaintiff's expert disclosures are due May 17, 2027. Defendant's expert disclosures, including any rebuttal expert reports, are due June 18, 2027. Plaintiff's rebuttal expert disclosures are due July 11, 2027. Such disclosures must be made pursuant to Fed. R. Civ. P. 26(a)(2) and shall include all information required thereunder. The court notes that Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(e) also apply to discovery relating to expert witnesses and their opinions. The court emphasizes that, among other obligations attending expert opinion testimony, each expert witness required to provide a written report shall comply with the elements of Fed. R. Civ. P. 26(a)(2)(B), including the requirement that the report contain a *complete* statement of *all* opinions the witness will express and the basis and reasons for them. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. This court will enforce preclusion of testimony or other evidence if Fed. R. Civ. P. 26 is not complied with.

If the parties anticipate the need to exchange or disclose confidential, non-privileged information during discovery, the parties should explore stipulating to terms of a protective order and

moving for entry of that proposed order. The parties will find model protective orders on Judge Singer's website. If the parties seek to modify, delete, or amend the terms of the model protective orders on Judge Singer's website, they may file their motion and submit a redline MS Word version showing changes made to the original to Judge Singer's Courtroom Deputy, Esther Valdez (evaldez@caed.uscourts.gov).

7. Pre-Trial Motion Schedule

Except for motions to compel, the timing of which is discussed in section 4 above, all pre-trial motions, both dispositive and non-dispositive shall be served and filed on or before November 17, 2027. Non-dispositive motions are heard on Fridays at 10:00 a.m., before the Honorable Frank J. Singer, United States Magistrate Judge, in Courtroom 8. Before scheduling such motions, the parties shall comply with Local Rule 230 or Local Rule 251.

Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar. In addition to filing a joint statement electronically, a copy of the joint statement shall also be sent Judge Singer's chambers by email to fjsorders@caed.uscourts.gov. Counsel for the parties are additionally required to conduct at least one telephonic or in person conference as part of their obligations to meet and confer in good faith to resolve their discovery dispute prior to seeking judicial intervention. Counsel for the parties cannot fulfill this meet-and-confer obligation exclusively through e-mail or text messages. The parties are further cautioned that boilerplate objections to written discovery will be summarily denied.

Upon stipulation of the parties, Judge Singer will resolve discovery disputes by informal telephonic conference outside the formal procedures of the Local Rules and Federal Rules of Civil Procedure governing noticed motions to compel. The procedures for requesting an informal telephonic conference are set forth in Judge Singer's Case Management Procedures located on the court's website, http://www.caed.uscourts.gov. If the parties stipulate to an informal ruling on a discovery dispute that arises during a deposition, they may request an informal ruling during the deposition by contacting Judge Singer's Courtroom Deputy, Esther Valdez, by telephone at (559) 499-5788.

The parties are advised that unless prior leave of the court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge Singer shall not exceed twenty-five

(25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limitations do not include exhibits. Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the court.

8. Motions for Summary Judgment or Summary Adjudication

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. The parties will find on Judge Singer's website a model statement of uncontested materials facts. The moving party must use this model consistent with Local Rule 260(a) and file it with the notice of motion and other documents submitted in support of the motion. The moving party must share a native version of the completed model statement of uncontested material facts, as filed, with the non-moving party. The non-moving party must supplement this model statement consistent with Local Rule 260(b). If the non-moving party seeks to introduce new facts that were not identified in the moving party's model statement, the non-moving party should continue from the last enumerated fact on the moving party's list and use the RESPONSIVE CITATION OR OBJECTION column to support the asserted fact. The non-moving party must share a native version of the completed model statement, as filed, with the moving party. The moving party must then supplement and file the completed model statement.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above and set forth a statement of good cause for the failure to meet and confer.

9. Settlement Conference

A settlement conference has not been scheduled. The parties are expected to engage in at least one settlement conference involving a third-party neutral in advance of the pretrial conference. If the parties wish to use one of the magistrate judges to facilitate a settlement conference, the parties may contact Courtroom Deputy Esther Valdez at (559) 499-5788. The parties should be prepared to discuss the timing and logistics of a settlement conference at the mid-discovery status conference. The date of the mid-discovery conference shall be set at the February 24, 2027, status conference. If a settlement conference is set, the parties are advised that unless otherwise permitted in advance by the court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

10. Pretrial Conference

This court sets a pretrial conference for March 8, 2028, at 1:30 p.m. in Courtroom 8 (FJS) and will be heard before United States Magistrate Judge Frank J. Singer. The parties are directed to file a joint pretrial statement which complies with the requirements of this court's Local Rule 281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in Microsoft Word format to fjsorders@caed.uscourts.gov.

The parties' attention is directed to this court's Local Rules 281 and 282. The parties must identify all exhibits and witnesses. No exhibit or witness other than those listed in the joint pretrial statement and included in the pretrial order may be used at trial. This court will insist upon strict compliance with those rules.

At the pretrial conference, the court will set deadlines, among others, to file motions in limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

11. Trial

A five-day JURY trial is set for April 25, 2028, at 8:30 a.m. in Courtroom 8 (FJS) before United States Magistrate Judge Frank J. Singer.

12. Effect of This Order

This order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

The dates set in this order are deliberate and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested. The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **November 4, 2026**

UNITED STATES MAGISTRATE JUDGE